UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JASON SCOTT CARMAN                                          PLAINTIFF

v.                                    CIVIL ACTION NO. 4:15CV-P114-JHM

JUDGE NICK BURLEW *et al.*                                  DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Jason Scott Carman's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee incarcerated in the Daviess County Detention Center, brings this 42 U.S.C. § 1983 civil-rights action against Daviess County District Court Judge Nick Burlew, Daviess County Prosecutor Bruce Kuegel, and a Daviess County "clerk, Chritina Maffet." He sues each Defendant in his or her official capacity.

According to the complaint, on June 13, 2014, Plaintiff went before Judge Burlew on two counts of first-degree wanton endangerment. Judge Burlew ordered Plaintiff to undergo a Drug & Alcohol Assessment and to comply with the recommendation of the Assessment. Plaintiff asserts that upon compliance, the wanton endangerment charges were to be dropped to misdemeanors. Plaintiff advises that the judge "layed me over 2 August the 8th to make sure I complied."

Plaintiff additionally reports, however, that also on June 13, 2014, the judge's "clerk chritina moffet made a mistage [and] sent my charges up stairs, It's is nown that she made the mistake. The grand Jury indited me on it two month's later." Plaintiff asserts that his civil rights were violated because he never had an "Examaning trail [and] [] never waved my right's to the grand Jury."

Plaintiff reports that his name was never placed on the docket for August 8th, but that on February 11, 2015, "Heather Black Burn filed a Reprimanding Hereing to have it sent Back Down stairs [and] Bruce Kuegal wouldn't allow this to Happen. The victom also wanted this to Be Keept A mistaminer." Plaintiff states that he has the videotape of his June 13th court appearance, confirming that his case was supposed to be kept a misdemeanor. He also states that the "clerk thought i waved my Rights and that wasn't the case so Due to Human error, I'm fixing 2 Have to sign years of my Life Away." He cites to "Case # 14-cr-00661," which is presumably his pending state-court criminal action.

As relief in the complaint, Plaintiff seeks damages and "[r]elease from illegal detention."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

3

court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

Plaintiff sues Defendants, all state officials, in their official capacity.

#### *A. Claim for Damages*

State officials sued in their official capacity for damages are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[Plaintiff's] request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment); *Cope v. Jeferson Cty. Circuit Court*, No. 3:15CV-P254-TBR, 2015 WL 5437130, at *2 (W.D. Ky. Sept. 15, 2015) (finding that damages against a Kentucky circuit court clerk in official capacity barred by Eleventh Amendment because circuit court "'clerks are state officers whose duties are coextensive with the Commonwealth . . . .'") (quoting Ky. Rev. Stat. § 30A.010). Further, Defendants sued in their official capacity for damages are not "persons" subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Accordingly, Plaintiff's claims against Defendants in their official capacity for damages will be dismissed for seeking monetary relief from Defendants who are immune from such relief and for failure to state a claim upon which relief may be granted.

### B. *Claim for Injunctive Relief*

Plaintiff also seeks "[r]elease from illegal Detention" in Daviess Circuit Court case # 14-cr-00661. "[A] federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff reports that he is a pretrial detainee and that his criminal case is in the state circuit court. The Commonwealth of Kentucky has an important state interest in adjudicating that matter. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his claims. If he is convicted in the trial court, he still has a number of state court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court as well as state post-conviction motions. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an on-going Kentucky state court proceeding. Plaintiff has failed to show that the state courts are unable to adjudicate his claims at this time.

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: January 26, 2016

**Joseph H. McKinley, Jr., Chief Judge**
United States District Court

cc: Plaintiff, *pro se*
　　Defendants
　　Attorney General, Commonwealth of Kentucky
4414.005